IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

MARK JACKSON, #265 147         *

    Petitioner,                *

    v.                         *   3:10-CV-1020-ID
                                   (WO)
J.C. GILES, WARDEN, *et al.*,  *

    Respondents.               *

_____

**O R D E R**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner Mark Jackson on November 30, 2010.[1] In this petition Petitioner challenges the State of Alabama's failure to take him to trial on pending detainers placed against him on November 1, 2010.

In an answer filed on December 28, 2010 Respondents assert that, although the origin and exact nature of the charges about which Petitioner complains are unclear, Petitioner has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, Respondents maintain that Petitioner's claims

---

[1] Although the present petition was stamped "filed" in this court on December 2, 2010, the petition was signed by Petitioner on November 30, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Jackson] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 30, 2010 as the date of filing.

regarding the pending detainers may properly be brought in the ongoing criminal case by filing a state habeas corpus petition. (*Doc. No. 8 at pgs. 2-4.*)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ..."[2] 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, it is

ORDERED that on or before **January 28, 2011** Petitioner shall SHOW CAUSE why his habeas corpus petition should not be dismissed for failure to exhaust state remedies.

Done, this 7th day of January 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is currently incarcerated on charges unrelated to the detainers challenged in the instant action.