IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

MARK JACKSON, #265 147                    *

    Petitioner,                              *

    v.                                       *     3:10-CV-1020-ID
                                                   (WO)
J.C. GILES, WARDEN, *et al.*,             *

    Respondents.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner Mark Jackson on November 30, 2010.[1] In this petition Petitioner challenges the State of Alabama's failure to take him to trial on pending detainers for theft of property in the first degree, theft of property in the third degree, and burglary in the third degree placed against him on November 1, 2010.

In an answer filed on December 28, 2010 Respondents assert that, although the origin and exact nature of the charges about which Petitioner complains are unclear, there is no indication, much less allegation, that Petitioner has exhausted available state

---

[1] Although the present petition was stamped "filed" in this court on December 2, 2010, the petition was signed by Petitioner on November 30, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Jackson] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 30, 2010 as the date of filing.

remedies with respect to each of the claims now pending before this court. Specifically, Respondents maintain that Petitioner's claims regarding the pending detainers may properly be brought in the ongoing criminal case by filing a state habeas corpus petition. (*Doc. No. 8 at pgs. 2-4.*)

Upon review of Respondents' answer, the court entered an order affording Petitioner an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. (*Doc. No. 9.*) Petitioner has filed no response.

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A).[2]  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 225©. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent

---

[2] At the time Petitioner filed the instant petition, he was a state inmate incarcerated on a conviction unrelated to the charges challenged in this instant proceeding. (*See Doc. No. 1.*)

disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

The undisputed evidence before the court reflects that Petitioner has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the instant petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue those state court remedies available to him.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Mark Jackson be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **February 22, 2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc)*,* adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of February 2011.

       /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE